**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DIAWANAQUA WRIGHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:25-cv-07198** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ELEVATE CARE PALOS HEIGHTS, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

Plaintiff, Diawanaqua Wright, ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Elevate Care Palos Heights, LLC, ("Defendant"), and in support states as follows:

## NATURE OF ACTION

1. This lawsuit arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") seeking redress for Defendant's interference with Plaintiff's FMLA rights and Defendant's retaliation for Plaintiff requesting/utilizing their FMLA rights.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Plaintiff brings this action pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## PARTIES

4. At all times material to the allegations of this Complaint, Plaintiff, Diawanaqua Wright, resides in Cook County in the State of Illinois.

5. At all times material to the allegations in this Complaint, Defendant, Elevate Care Palos Heights, LLC is a limited liability company doing business in and for Cook County whose address is 12550 S Ridgeland Ave, Palos Heights, IL 60463-1859.

6. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

7. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§ 2611(4).

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## BACKGROUND FACTS

9. Plaintiff worked for the Defendant as a receptionist.

10. Plaintiff was an exemplary employee.

11. Plaintiff had not received any prior disciplinary action or encountered any documented performance issues that would reasonably justify termination.

12. Plaintiff was qualified for their position and was known to develop, meet and exceed performance standards for Plaintiff's job title.

13. Plaintiff received satisfactory feedback from Defendants about their work performance.

14. Plaintiff took FMLA leave on or around May 1, 2025, to care for her sick mother.

15. Plaintiff was initially approved for the requested FMLA leave through June 2, 2025.

16. On or around May 27, 2025, Plaintiff contacted the Director of Human Resources, Kimberly, Robinson, to request an extension of leave for a few more weeks due to ongoing caregiving responsibilities and circumstances that required her full attention.

17. Plaintiff's mother had not yet been discharged from home health on or around May 27, 2025.

18. On or around May 28, 2025, HR responded that they would not be able to extend Plaintiff's FMLA leave because they would need to fill the staff accordingly based on the facility's needs.

19. HR further claimed they would need to fill Plaintiff's position but that Plaintiff could reapply when she was ready.

20. This was despite the fact that the FMLA permitted more time off for Plaintiff if she needed it.

21. On or around May 29, 2025, Plaintiff requested further explanation from HR and informed them of the fact that FMLA permitted up to twelve weeks of job protective leave.

22. At this point, Plaintiff had only been on leave for around four weeks or less.

23. Plaintiff asked if she could use more time within the twelve-week window.

24. HR falsely informed Plaintiff that once she put the length of her leave in, she could not add more time to it.

25. Plaintiff also contacted her co-worker and asked her to send Plaintiff the new schedule that had been printed.

26. The co-worker sent Plaintiff the June schedule and Plaintiff's name was not included.

27. The employee that Defendant replaced Plaintiff with had already been included on the June schedule.

28. Plaintiff's mom has now been discharged, which means Plaintiff would not have needed the full twelve weeks of FMLA protected leave.

29. On or about June 26, 2025, Plaintiff contacted Defendant about returning to work, but Defendant informed her she was no longer employed.

30. Plaintiff informed Defendant of her need to utilize her rights under the FMLA, informed them of the reason for the leave, and informed them of the need to extend the leave due to her mother's condition.

31. Defendant interfered with Plaintiff's rights by failing to allow her to add additional weeks to her FMLA leave when she had only taken around four weeks off.

32. Defendant interfered with Plaintiff's FMLA rights and retaliated against Plaintiff after Plaintiff requested to file for additional FMLA medical leave on May 1, 2025.

33. Defendant terminated Plaintiff's employment in retaliation for requesting FMLA leave.

34. Defendant's purported justification for the adverse employment action was pretext for unlawful discrimination.

## COUNT I
**Violation of the Family and Medical Leave Act**
**(FMLA Interference - Unlawful Denial of FMLA Rights)**

35. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

36. Plaintiff was eligible for FMLA leave on December 8, 2022.

37. At all times material, Plaintiff gave proper notice to her employer by informing them of her mother's illness and her need to care for her.

38. Defendant controlled Plaintiff's work schedule and conditions of employment.

39. Plaintiff provided enough information for their employer to know that Plaintiff's potential leave may be covered by the FMLA.

40. Despite Plaintiff's FMLA eligibility, Defendant unlawfully denied Plaintiff's utilization of their FMLA rights.

41. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

42. As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II:
## Violation of the Family Medical Leave Act
## (FMLA Retaliation)

43. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

44. Defendant terminated Plaintiff after Plaintiff provide notice of a request for medical leave, which constitutes a request for taking FMLA leave.

45. Defendant replaced Plaintiff, constructively terminating her, because she took FMLA leave and requested additional FMLA leave as described above.

46. Specifically, Plaintiff requested FMLA leave when they explained that they had an obligation to care for her mother, who was ill.

47. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

48. Plaintiff's request for FMLA leave to care for her mother's medical reasons pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

49. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Liquidated damages;

f. Compensatory and punitive damages;

g. Reasonable attorneys' fees and costs;

h. Award pre-judgment interest if applicable; and

i. Award Plaintiff any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 27th day of June 2025.

/s/ *Travis P. Lampert*
**TRAVIS P. LAMPERT, ESQ.**
Sulaiman Law Group, Ltd.

2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: 630-575-8181
tlampert@sulaimanlaw.com
*Counsel for Plaintiff*